Totten, J.,
delivered the opinion of the court.
This is an action on the case for verbal slander, and the words proven at the trial, by several witnesses, were these : “ Allen, you perjured yourself in getting out that peace warrant against me, and in swearing that you were afraid of me.” “You took out a peace warrant against me and some of my family, and swore falsely.” “ When you swore to the peace warrant, you swore alie, or perjured yourself, and I can prove it by John Bell.” These words are, with substantial accuracy, the same as those stated in the declaration. As to this there is no question. The warrant referred to was produced in evidence, and from inspection, it appeared to be in all respects formal, with the exception, that there was no seal to the name of the magistrate; and on this circumstance, and the legal consequences resulting from it, the counsel mainly rely for reversal of the judgment.
In a criminal proceeding, a magistrate’s warrant without seal, commanding an arrest, is to be held as void, and as con *609 ferring no authority on the officer to make the arrest. See Tacket vs. The State, 3 Yerg. R.,393.
Now, the argument so ably stated by the counsel, is briefly this : That as the words spoken had relation to this warrant, which is to be held and deemed as void, for want of a seal, it follows that if the imputation were truly made, if the plaintiff were in fact guilty of the falsehood imputed to him; yet he would not be liable to any criminal prosecution, for no assignment of perjury could be made on a warrant which was void. And as the words are not actionable, unless, if true, the party would be held criminally liable, it follows, that the words in question, however false, will not support the action. They could not involve the plaintiff in any criminal liability, or in danger or risk of such liability, as the whole proceeding is to be regarded as a nullity, in the same manner as if the oath refei’red to had been extra-judicial, or before a person having-no legal authority to administer an oath.
Now, in the absence of special damage, the ground of the action is, “the immediate tendency of the words themselves to produce damage to the person of whom they are spoken, in which case, presumption supplies the place of actual proof.” See 1 Starkie on Slander, 17.
And as to the nature and extent of this damage or injury, which the words to be actionable must have a tendency to produce, Mr. Starkie, on a review of the authority, states the rule to be, that “ no charge upon the plaintiff, however foul, will be actionable without special damage, unless it be of an offence punishable in a temporal court of criminal jurisdiction.” 1 Starkie on Slander, 21.
It is very probable that there are exceptions to this rule, not necessary to be stated in the present case. In view, then, of these well settled principles, it may be admitted, that if the words do not impute an offence for which, if true, the plaintiff would be criminally liable, the action cannot be sustained, *610 Bat we think it very clear, that without the aid of extrinsic facts, the words here in question do impute such criminal charge, and that, prima facie, they are in themselves actionable. The case of Magee vs. Stark, 1 Hum. R., 512, which seems to have been a well considered case, must be taken as conclusive on this point. The words there in question were, “ 1 had a law-suit with Thomas G. Denning about a hog, and Thomas Stark swore falsely against me, and I have advertised him as such.” In Pellton vs. Ward, Cains, 73, the words were, “ you swore a damned lie, and you know it, for which you now stand indicted.”
In each of these cases, it was held that the words were actionable per se, as the word law-suit in the one case and indictment in the other, referred with sufficient distinctness to a judicial proceeding, in which the false swearing was alleged to have occurred. See, also, Shermod vs. Chase, 11 Wend. R., 38; 1 Stark, on Sl., 86.
The words in the present case do not need the aid of any extrinsic averments, as regards the complaint on oath made before the justice for the purpose of procuring the warrant, to compel the defendant to keep the peace, or as regards the fact of the warrant. The defendant states these facts with sufficient distinctness, when he says, “you took out a peace warrant against me and some of my family, and swore falsely.” And again, when he says, “ you perjured yourself in getting out that peace warrant against me, and in swearing that you were afraid of me.”
No person could doubt the obvious and evident meaning of these words; they contain, in themselves, a direct imputation of perjury. It was not therefore necessary, to set forth by way of inducement, the facts of the complaint on oath, or the warrant and the trial on the warrant. See 1 Chitty’s Pl., 429. And so, when the words themselves assume the existence of extrinsic facts, they need not be proved. 2 Greenl. on Ev., 417,
*611 In the present case, the words proved do assume the existence of every extrinsic fact necessary to constitute the offence of perjury, charged and imputed to the plaintiff.
The words then being proved, what is the legal effect? It is thus stated by Mr. Greenleaf: “But if the plaintiff once establishes ¿ prima facie case, by evidence of the publishing of language apparently injurious and actionable, the burden of proof is on the defendant to explain it. But the defendant is entitled to have the whole of alleged libel read, and the whole conversation stated, in order that its true sense and meaning may appear.” See 2 Greenl. Ev., sec. 423.
Here, the plaintiff having proved the words merely, without any extrinsic facts or circumstances, might rest his case. It is, prima facie, fully made out. But if in point of fact the words, though apparently actionable, may be explained to have been intended and understood in an innocent sense, it is competent for the defendant so to explain them, and the onus rests on him to make the explanation. The principle is thus illustrated in the case cited by counsel; to say, “thou art a murderer,” is actionable per se, but defendant may prove, that when the plaintiff confessed that he had killed several hares with certain engines, the defendant said, “ thou art a murderer,” meaning, of the hares so killed. See 4 Co. 13. Van Renselear vs. Dole, 1 Johns. Cases, 279; 1 Stark, on Sl., 99.
The extrinsic fact, that the warrant was without seal, was given in evidence; it was evidence for the defendant, though given in proof by the plaintiff. We have seen that the words proved, implied that a valid warrant had been issued, and no proof of the fact was necessary. But it appears on production of the warrant, that although it had been obtained at the instance and on the oath of the plaintiff, yet it was defective in legal formality, deemed in law to be indispensable. Giving effect to this objection to the full extent of this proof, it goes *612 no further than to vitiate the warrant, and any proceedings which occurred subsequent to the warrant and predicated upon it. In this view, if the plaintiff had sworn falsely at the trial of defendant on the void warrant, no assignment of per. jury could be predicated upon it.
But it is to be considered that, in order to obtain the warrant, the party must make his complaint on oath before the magistrate, to the effect that he feared, and had good reason to fear, that defendant would do him some great bodily harm, unless prevented, &c. This oath is in a legal proceeding, before a competent tribunal, and material, in fact, indispensable to the issuance of the warrant. The warrant being predicated on this oath, it is to be considered as the act of the magistrate, and it recites the complaint on oath on which it is founded; but the complaint which we have seen must be on oath, is a separate, distinct and material fact, and the basis of the proceeding. If the oath were lawfully taken for the purpose of procuring the warrant, then the warrant should have lawfully issued upon such oath; but if, by the act of the magistrate, the warrant be defective, it would seem that it could not vitiate a lawful oath, which had been taken to procure it, however it might vitiate any subsequent proceeding taken on such defective warrant. The oath made before the justice to procure the warrant, being before a competent jurisdiction, being material to the case and required by law, we cannot doubt but that if it were false, it would form a proper subject for an assignment of perjury. The case of Dayton vs. Rockwell, 11 Wend. R., 141, is illustrative of the same doctrine. A statute of New York required an affidavit, in certain cases, to be made by a party applying for a warrant to recover a private right. In the case here referred to, the affidavit stating correctly that the plaintiff had good cause of action, &c., omitted to state other material facts, and did not, therefore, authorize *613 the issuance of the warrant, and yet the warrant was issued. The defendant accused the plaintiff of swearing falsely in procuring the warrant. In an action of slander on the words, the defence was that, as the affidavit was defective, no perjury could be assigned upon it. But it was held otherwise, and the courts; say, the materiality of each fact must be judged of by itself, not by its connection with other facts. The proceedings of the justice might, perhaps, be set aside, because the affidavit did not contain sufficient facts to authorize the issuing of the warrant; but still the party making the affidavit would be responsible for any wilful falsehood contained in it, which was material.
But it is objected that there is no proof in the record showing that any such complaint on oath was made. It is true that the warrant recites such oath to have been made ; but as it is to be taken as void as relates to any power or authority it might confer to arrest the defendant, we will not in the present case determine how far it may be looked to as evidence of the oath which was taken. It is not material in the case before us, that we should in any degree rely upon the proof afforded by the warrant.
We have seen that the words themselves do assume the existence of every fact necessary to make them actionable; and that the declaration need not allege, nor of course the party prove, any extrinsic facts to make out his case. The words being proved, the extrinsic facts which they assume, are thereby proved.
When the defendant said, “ you perjured yourself in getting out that peace warrant against me, and in swearing that you were afraid of me,” he assumes and admits the fact, that aproper oath had been 1aken in order to procure the warrant. This is not only the legal, but the obvious import and meaning of the words employed; and they would be so understood by any *614 person who might have been present and heard them. The explanatory and rebutting fact, that the warrant was without seal, can go no further than to avoid the warrant; but we have seen that this fact does not show that the warrant was not issued upon a proper and legal oath. It would be necessary that defendant’s explanatory and rebutting proof should go further, and show that no oath was in fact taken. There is no such proof, and in its absence, he is concluded by his express admissions as before stated.
We have looked to the various exceptions taken by defendant’s counsel to the charge of the court, in this connection, and it will be seen that the view we have taken of the case, makes it unnecessary to notice them more in detail. We will, however, observe, that the whole conversation of defendant was admitted in proof, and the statement of the judge, that in the circumstances of this case, the jury could not look to the invalidity of the warrant, must be considered as wholly immaterial, as the right of the plaintiff to recover has no connection with that circumstance.
In the course of the trial, defendant offered to prove, that apart from the general trait of character in question, the plaintiff was of general bad character; that he was dishonest, and a common barrator, &c. The court rejected the evidence, and we think, very properly.
We take the rule to be this: That evidence of the plaintiff’s general character, in regard to the particular trait involved in the matter charged against him, is admissible in mitigation of damages. The character of the party in other respects, is not to be considered as in issue. See 1 Greenl. Ev., sec. 54 & 55, and cases there referred to. 2 Stark, on Sl., 88.
Evidence of particular facts is also inadmissible; it must be of general reputation. It is to be presumed that the plaintiff in the present case was prepared to defend his general *615 reputation for veracity, that being the trait involved in the issue; but not to defend or justify his general conduct through life, nor to defend against particular facts and charges not involved in the suit or matter between the parties.
There being no error in the record, the judgment will be affirmed.